## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | | |
|---|---|---|
| NANCY M. KING, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Case No.: 8:10-cv-02916-SCB-AEP** |
| | ) | |
| CHUBB & SON, a division of | ) | |
| FEDERAL INSURANCE COMPANY, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |
| _____ | )/ | |

### DEFENDANT CHUBB & SON'S MOTION TO STRIKE PLAINTIFF'S UNTIMELY FILED EXHIBITS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, CHUBB & SON, a division of FEDERAL INSURANCE COMPANY by and through its undersigned attorney, hereby files this Motion to Strike Plaintiff's Untimely Filed Exhibits in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. Specifically, Defendant requests that this Court strike the Declaration of Nancy King (Doc. 60-1), the Declaration of John Salgado (Doc. 60-2), the Deposition of Latrell Johnson (Doc. 60-3), the Deposition of Alison Stal (Doc. 60-4), the Deposition of Nancy King (Docs. 61 through 61-3), filed by Plaintiff on January 15, 2013; Exhibits 1 through 4 of Plaintiff's Supplement to Plaintiff's Opposition to Defendant's Motion for Summary Judgment (Docs. 62 through 62-4), filed by Plaintiff on January 17, 2013; and the depositions of Mary Alpaugh (Docs. 63 through 63-1) and David Keenan (Docs. 63-2 through 63-3), filed January 18, 2013. Each of these

documents was filed after the January 14, 2013, deadline imposed by Magistrate Judge Anthony E. Porcelli (Doc. 54) and without obtaining leave of court.  In support of this Motion, Defendant states:

1.     On February 16, 2012, this Court entered its Amended Case Management and Scheduling Order (the "Scheduling Order"). (Doc. 17.)  Paragraph 9(c) of the Scheduling Order provides:

> [T]he parties are hereby put on notice that the Court will take any motion for summary judgment and all materials in support or opposition thereto under advisement **as of the last day for filing pleadings pertaining to the motion for summary judgment, as that date is mandated by the rules of procedure or by order of the Court.**

*Id.* (emphasis added).

2.     On December 18, 2013, Judge Porcelli entered an Order, *inter alia*, extending Plaintiff's deadline to respond to Defendant's Motion for Summary Judgment (Doc. 50) to January 14, 2013. (Doc. 54.)[1]  Judge Porcelli's Order clearly states, "[n]o **further extensions will be granted.**" *Id.* (emphasis in original).

3.     On January 14, 2013, at 11:34 PM Central Standard Time, Plaintiff filed her brief in opposition to Defendant's Motion for Summary Judgment (Doc. 59.)[2]  No exhibits, declarations or deposition transcripts were attached to this initial filing. *Id.*

4.     On January 15, 2013, at or around 9:34 AM, the Clerk of Court for the Middle District of Florida, Tampa Division, advised opposing counsel to re-file

---

[1] It is important to note, that prior to Judge Porcelli's order, this Court granted, in part, the Parties' Joint Motion for Extension of Time, giving Plaintiff until December 28, 2012 to file her response. (Doc. 51.) Judge Porcelli's order granted Plaintiff an additional seventeen (17) days in which to timely file her response and all accompanying exhibits.

[2] The Notice of Electronic Filing indicates that the brief was filed January 15, 2013 at 12:34 AM Eastern Standard Time, which would technically make the brief itself untimely filed.  Attached hereto as *Exhibit A* is a copy of the Notice of Electronic Filing.

document 59 using the correct event code.  Attached hereto as *Exhibit B* is a copy of the January 15, 2013, Notice of Electronic Filing.

     5.     On January 15, 2013, at or around 6:03 PM, opposing counsel re-filed Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment and for the first filed exhibits in support of her response, i.e., Declarations of Nancy King and John Salgado, and the entire deposition transcripts of Latrell Johnson and Alison Stal. (Docs. 60 to 60-4.)  Later, at 6:39 PM, opposing counsel filed another supplemental document, i.e., Plaintiff's entire deposition transcript.  (Docs. 61 to 61-3.)  At no time prior to filing any of these exhibits did Plaintiff seek leave of court to file the exhibits.

     6.     On January 17, 2013, three days *after* the Court ordered response deadline, Plaintiff filed yet another four exhibits, i.e., deposition transcript excerpts for what appear to be the depositions of Michael Daugherty, Tom Allison, Dave Keenan and Mary Alpaugh. (Docs. 62 to 62-4.)[3]  Similar to the previously untimely filed submissions, no leave of court was sought nor was permission granted prior to Plaintiff filing these exhibits.

     7.     Finally, on Friday, January 18, 2013, four days after the Court ordered response deadline, Plaintiff filed two more exhibits: the complete deposition transcripts of David Keenan and Mary Alpaugh. (Docs. 63 to 63-3.)  Again, no leave of court was sought nor did the Court grant Plaintiff permission to file these exhibits after the January 14 deadline.

---

[3] It is difficult to ascertain who the deponents are as the cover page and certification pages are missing from each of the deposition excerpts.

8.     At no time prior to filing any of her exhibits did Plaintiff move for an extension of time to file exhibits in support of her opposition motion. Instead, Plaintiff simply filed her exhibits up to four days after the deadline expired and without leave of Court or any explanation for the untimely filing.[4]

9.     Plaintiff should not be permitted to circumvent this Court's Amended Scheduling Order or Judge Porcelli's unambiguous deadline and file papers on her own schedule.

10.    Accordingly, and for reasons explained more thoroughly in the Memorandum of Law incorporated below, Defendant respectfully requests this Court exercise its discretion and enter an Order striking Plaintiff's untimely summary judgment exhibits.

## MEMORANDUM OF LAW

### I.    PLAINTIFF'S UNTIMELY SUMMARY JUDGMENT EXHIBITS VIOLATE THIS COURT'S SCHEDULING ORDER AND JUDGE PORCELLI'S FIRM DEADLINE AND SHOULD BE STRICKEN

District courts are required to enter a scheduling order that must limit the time to join parties, amend pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b). Such orders control the subsequent course of action unless modified by a subsequent order and may be modified "only for good cause." Fed. R. Civ. P. 16(b)(4).

---

[4]The undersigned did receive an email from opposing counsel at or around 6:11 PM on January 15, 2013, advising that her office had attempted unsuccessfully the night prior and throughout the day on the 15th to file her evidentiary submissions. According to opposing counsel, the system would not accept the submissions on January 14 or 15 and failed to provide error messages. Curiously, as typically is the case, the undersigned did not receive any notices from the Clerk of Court regarding any system issues, nor are there any clerk's notes made on the docket regarding such system errors. However, even assuming such system failures occurred, Plaintiff did not seek leave of court to file the exhibits prior to submitting them; she simply ignored the deadlines and filed the documents.

*See also Auto-Owners Ins. Co. v. Ace Elec. Service, Inc.,* 648 F. Supp. 2d 1371, 1374 (M.D. Fla. 2009) ("A [scheduling order] may be modified only for good cause and with the judge's consent.") (citations omitted).   Similarly, under Rule 6(b)(2)(B), Federal Rules of Civil Procedure, if the time to act has expired, a party must seek leave of court **and** demonstrate "excusable neglect" for failure to act.   Fed. R. Civ. P. 6(b)(2)(B) (emphasis added).   Absent such a showing, it is within the court's discretion to strike untimely filed pleadings and affidavits.  See *Perez v. Miami- Dade Cnty.*, 297 F.3d 1255, 1263 fn. 21 (11th Cir. 2002) ("Whether a motion was filed timely and is appropriate under a pretrial order is left to the district court's discretion."); *Useden v. Acker*, 947 F.2d 1563, 1571-72 (11th Cir. 1991) (holding that district court did not abuse discretion in striking untimely affidavit where there was no affirmative showing of excusable neglect.)

Here, the Scheduling Order was properly modified by Judge Porcelli's December 18, 2012, Order. (Doc. 54).   In his order, Judge Porcelli provided a firm deadline for Plaintiff's response to Defendant's Motion for Summary Judgment. (Doc. 54).   This deadline, January 14, 2013, is unequivocal, as was his directive that no further extensions of the deadline would be granted. *Id.*  Despite the very clear language in Judge Porcelli's Order, Plaintiff's supporting documents were filed out of time.   Specifically, Plaintiff filed her supporting documents on January 15, 17 and 18, 2013.   Plaintiff has offered no excuse to justify the untimely filing of her supporting documents, let alone gone to any length to demonstrate excusable neglect.   Indeed, she did not even move this Court for leave to file her supporting papers out of time and otherwise failed to explain her untimely filings.   Plaintiff, instead, chose to ignore Judge Porcelli's firm deadline, and

filed the supporting papers at her leisure.   Accordingly, Plaintiff's declarations and exhibits in support of her opposition to Defendant's Motion for Summary judgment should be stricken.

Plaintiff may argue that she has demonstrated excusable neglect as she advised the undersigned via email on January 15, 2013, of the alleged technical difficulties she was having filing her supporting papers.   However, advising the undersigned of her alleged technical difficulties is not analogous to properly advising the court and seeking **and** receiving leave from the Court to file supporting papers after the Court ordered deadline.

To establish excusable neglect, the Supreme Court and courts in the Eleventh Circuit look at four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether the reason was within the untimely party's reasonable control; and (4) the presence or absence of good faith by the untimely party." *Demint v. NationsBank Corp.,* 208 F.R.D. 639, 642 (M.D. Fla. 2002) (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct 1489, 123 L.Ed. 2d 74 (1993)). "Cases analyzing excusable neglect confirm that the factors prescribed by *Pioneer* necessarily overlap and are not precisely defined.   However (and not surprisingly), the starting point and common denominator (indeed, the *sine qua non*) in every case employing an analysis of excusable neglect is an explanation of the reason for the delay." *Demint,* 208 F.R.D. at 642.

In this case, Plaintiff has failed to provide this Court any reason for her failure to timely file her supporting materials. The record is void of any explanation as to why the materials were filed after the deadline. While Plaintiff advised the undersigned of the alleged technical difficulties the system was having, there is nothing on the docket substantiating this fact, no electronic notices were distributed by the Clerk of the Middle District advising of technical difficulties making it impossible for Plaintiff's supporting documents to be timely filed, and most importantly, Plaintiff failed to advise the Court **before** she filed the untimely supported documents that she was experiencing technical difficulties which precluded her from timely submitting the same. To explain in hindsight that technical difficulties were the reasons for her untimely submissions is self-serving.

Moreover, if, as Plaintiff advised, she experience technical difficulties beginning on January 14, 2013, why did she not advise the undersigned until 6:00 PM January 15, 2013? Surely, she was aware at the time she was electronically filing her response on the evening of January 14 that she was experiencing technical difficulties. Further, why did she totally fail to advise this Court of the difficulties she was experiencing? While excusable neglect is a flexible and somewhat forgiving notion, it should not substitute for a defaulting party's failure to timely, candidly, straight-forward and undisputedly explain the reason for the failure to comply with a Court's deadline. *Id.* at 643. Neither should excusable neglect substitute for a defaulting party's outright disregard for the clear and firm deadlines articulated by this Court.

To consider Plaintiff's untimely supporting documents when ruling on Defendant's Motion for Summary Judgment is prejudicial.  Defendant adhered to the deadlines set by this Court by timely filing not only its Motion for Summary Judgment but all of its supporting materials.  Both this Court and Judge Porcelli provided very clear directives regarding the deadline for Plaintiff to file all materials in opposition to Defendant's motion for summary judgment.  (Docs. 17, 54.)  Notwithstanding, Plaintiff willfully disregarded these directives, and failed to acknowledge the lateness of the filings or seek leave of court to file out of time.  She simply filed her supporting documents after the court ordered deadline.  Defendant's supporting materials were timely filed; Plaintiff's materials were not.  Plaintiff should not be rewarded for disregarding the rules set by this court.  Accordingly, Defendant respectfully requests that this Court exercise its discretion to strike Plaintiff's untimely filed declarations and supporting documentary evidence. *See United Nat. Ins. Co. v. Owl's Nest of Pensacola Beach, Inc.*, Case No. 3:05cv374MCRMD, 2006 WL 1653380, at *5 (N.D. Fla. June 8, 2006) (citing *Mosley v. MeriStar Management Co., LLC*, 137 Fed. Appx. 248 (11th Cir. 2005) (finding no abuse of discretion in district court's striking opposition to a motion for summary judgment which was filed four days late and contained no request for enlargement or explanation for untimeliness).

## II.     PLAINTIFF'S UNTIMELY RESPONSIVE PAPERS SHOULD BE STRICKEN IN THE INTERESTS OF FAIRNESS AND JUSTICE

Striking Plaintiff's untimely responsive papers is consistent with the concepts of fairness and justice.  Both this Court and Judge Porcelli entered orders in this case

wherein firm deadlines were set and directives given with respect to the filing of Plaintiff's response to Defendant's Motion for Summary Judgment. This Court's Scheduling Order clearly places the parties on notice that **all** materials in opposition to any motions for summary judgment will be "taken under advisements as of the last day for filing pleadings pertaining to the motion for summary judgment, **as that date is mandated . . . by order of the Court.**" (Doc. 17) (emphasis added). This mandatory date was provided by Judge Porcelli in his December 18, 2012, Order, i.e., January 14, 2013. (Doc. 54). As such, **all** materials in opposition to Defendant's Motion for Summary Judgment were to be filed by January 14, 2013. However, Plaintiff ignored that very clear directive and filed supporting materials not only on January 15, 2013, a day after the deadline, but also filed materials on January 17, and January 18.

Plaintiff should not be rewarded for completely ignoring this Court's Scheduling Order and Judge Procelli's December 18, 2012, Order. To consider her untimely submitted supporting documents would fly in the face of fairness and justice. Plaintiff was aware of the deadline set by Judge Porcelli. However, instead of either adhering to the deadline, or requesting an extension, Plaintiff chose to disregard the deadline and file supporting documents on three separate occasions *after* the court issued deadline.[5] Allowing Plaintiff to intentionally disregard the Orders of this Court, "would undermine the [C]ourt's ability to control its docket, disrupt the agreed-upon course of litigation, and

---

[5] Even if this Court were to believe Plaintiff's allegation that technical difficulties precluded her filing her supporting documents on January 14, 2013, and decides to consider those supporting documents filed on January 15, 2013, this Court should not consider those documents filed on January 17, 2013 and January 18, 2013. As stated, no notices were filed by the Clerk of Court regarding any technical difficulties precluding the filing of documents on the CM/ECF system. Moreover, Plaintiff never advised the Court of these alleged technical difficulties on any time on January 15, 17 or 18.

reward the indolent and cavalier." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and enter an Order striking Plaintiff's Untimely Filed Exhibits in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Docs. 60-1 thorough 60-4; 61 through 61-3; 62 through 62-4; and 63 through 63-3.)

DATED this 29th day of January, 2013.

Respectfully submitted:

*/s/ Grant D. Petersen, Esq.*
Grant D. Petersen, Esquire
Florida Bar No: 0378682
E-mail: grant.petersen@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
   SMOAK & STEWART, P.C.
100 North Tampa Street, Suite 3600
Tampa, Florida  33602
Telephone:       (813) 289-1247
Facsimile:       (813) 289-6530
Attorneys for Defendant

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on January 29, 2013, I filed a true and correct copy of the foregoing via CM/ECF, which will send electronic notice to the following:

Heather Fisher Lindsay, Esq.
Lindsay & Andrews, P.A.
5218 Willing Street
Milton, FL  32570
Attorney for Plaintiff

*/s/Grant D. Petersen, Esq.*
Grant D. Petersen, Esq.