UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY M. KING,

    Plaintiff,

v.                                               Case No.: 8:10-CV-2916-T-24-AEP

CHUBB & SON,

    Defendant.

_____/

**<u>ORDER</u>**

       This cause comes before the Court on Defendant Chubb & Son's Motion to Strike Plaintiff's Untimely Filed Exhibits in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment. (Dkt. 66.) Plaintiff Nancy M. King filed a response in opposition to the motion. (Dkt. 69.)

       On December 11, 2012, Defendant filed its motion for summary judgment and supporting evidentiary materials on Plaintiff's claims of age discrimination and retaliation. (Dkt. 50.) On that date, the Court granted Plaintiff an extension of time to respond to the motion until December 28, 2012. (Dkt. 51). On December 17, 2012, Magistrate Judge Anthony E. Porcelli conducted a hearing on outstanding discovery issues, and ordered Defendant to produce certain responsive documents. (Dkt. 52.) Magistrate Judge Porcelli also extended the deadline for Plaintiff to respond to the summary judgment motion until January 14, 2013, and warned Plaintiff in his order that "[n]o further extension will be granted." (Dkt. 53.)

       On January 14, 2013, at 12:52 p.m., Plaintiff filed her response in opposition to the summary judgment motion. (Dkt. 57.) No supporting evidentiary materials were filed with the

memorandum. Approximately 20 minutes later, Plaintiff's attorney called the Clerk's Office to notify the Office that she had accidentally filed the wrong document. The Clerk's Office immediately terminated the filing, and made a notation on the docket sheet that Plaintiff's attorney would be re-filing the response. Later that night, at 12:34 a.m. on January 15, Plaintiff again filed her response in opposition to the summary judgment motion. (Dkt. 59.) This filing, likewise, did not contain any supporting evidentiary materials.

At 9:23 on the morning of January 15, the Clerk's Office notified Plaintiff's attorney that the filing docketed at 12:34 a.m. was improper because she had used the incorrect event code when docketing. The Clerk's Office terminated the filing, directed Plaintiff's attorney to re-file, and made a notation on the docket sheet reflecting the same. More than eight hours later, at 6:03 p.m., Plaintiff again filed her response in opposition to the summary judgment motion. (Dkt. 60.) This time, Plaintiff filed approximately 300 pages of supporting evidence, including emails, letters, business documents, and depositions transcripts. At 6:39 p.m., Plaintiff filed a supplement to her responsive memorandum, which included her deposition transcript. (Dkt. 61.)

On January 17, 2013, Plaintiff filed yet another set of exhibits, including deposition transcripts for what appear to be the depositions of Michael Daughterty, Tom Allison, Dave Keenan, and Mary Alpaugh. (Dkt. 62.) No leave of court was sought, nor was permission granted, before Plaintiff filed these exhibits. Finally, on January 18, 2013, four days after the Court-ordered response deadline, Plaintiff filed two more exhibits, including the deposition transcripts of David Keenan and Mary Alpaugh. (Dkt. 63.) Again, no leave of court was sought, nor was permission granted, before Plaintiff filed these exhibits.

In the present motion, Defendant urges the Court to strike all of the supporting evidence

filed on January 15, 17, and 18. Defendant argues that Plaintiff should not be permitted to circumvent the Court's clearly-established January 14th filing deadline, and points out that Plaintiff did not seek leave of Court before filing this evidence after the deadline passed. Defendant furthermore contends that it will suffer prejudice if Plaintiff's untimely evidence is considered because Defendant adhered to the deadlines set by the Court by filing its motion and supporting materials on time.

On behalf of Plaintiff, her attorney responds that good cause exists to permit the late filings because she had technical difficulties uploading and electronically filing the supporting evidence. She points out that she notified opposing counsel of the problems she was experiencing on January 15th. She furthermore argues that Defendant will not be prejudiced by the late filings because, with the exception of her own declaration, all of the evidence consists of documents produced by or to Defendant, deposition transcripts from depositions Defendant's attorney attended, or declarations of which Defendant had prior notice.

Upon consideration, the Court concludes that Defendant's motion should be GRANTED IN PART AND DENIED IN PART. The Court concludes that good cause exists to permit the evidence that was filed January 15th, 2013, one day after the Court-ordered deadline, as the record reflects that Plaintiff attempted to, but experienced difficulty with, electronic filing. The Court, however, shall not excuse the late filings of January 17th and 18th. Plaintiff did not seek leave of Court to file evidence three and four days after the deadline passed, and she has not provided a sufficient explanation that the technical difficulties she encountered remained unresolved for several days after the deadline passed. Accordingly, the Clerk is directed to **STRIKE** from the docket sheet docket entries 62 and 63.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of February, 2013.

Copies to: Counsel of record

SUSAN C. BUCKLEW
United States District Judge